IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY | : | |
| Plaintiff | : | |
| v. | | |
| | : | |
| ZURICH INSURANCE CO. | : | |
| Defendant | : | |
| | : | CIVIL NO. RDB-05-324 |
| CB RICHARD ELLIS, INC. | | |
| | : | |
| Defendant and Third-Party Plaintiff | : | |
| v. | : | |
| AMG REALTY PARTNERS, LLP | : | |
| Third-Party Defendant | : | |

MEMORANDUM

The Plaintiff, Liberty Mutual Insurance Company, ("Liberty Mutual") has filed this action seeking declaratory relief, money damages and specific performance against the Defendants CG Richard Ellis, Inc. ("Ellis") and Zurich Insurance Company ("Zurich") arising from the Defendants' refusal to indemnify and defend AMG Realty Partners ("AMG") in an action filed in the Circuit Court for Baltimore County, captioned <u>Fields-Moore, et al. v. Kronos Property Holdings N.V., et al.</u> ("Fields-Moore action"). Liberty Mutual, as the insurer for AMG, asserts its rights as the subrogee of AMG for reimbursement of costs

incurred in the settlement of the Fields-Moore action. The Defendant Ellis filed a counterclaim against Liberty Mutual and subsequently a third-party complaint against AMG. Liberty Mutual and the Third-Party Defendant, AMG, have moved this Court to realign the parties (Paper #18), pursuant to Rule 21 of the Federal Rules of Civil Procedure. The Defendants Zurich and Ellis have opposed the Motion. For the reasons that follow, the Motion is **GRANTED**.

## Background

In March of 2000, Helen Fields-Moore tripped and fell in the parking garage located at 1 Investment Place in Towson, Maryland, which was owned by AMG and managed by Ellis. Fields-Moore filed suit against AMG contending that Ellis had an obligation under the property management agreement to provide insurance coverage under its contract with Zurich after Ellis and Zurich declined to provide that insurance coverage. AMG then turned to its own insurer, Liberty Mutual, for coverage. The Fields-Moore action in the Circuit Court for Baltimore County ultimately settled, with the payment of a certain sum by AMG through its carrier Liberty Mutual, with additional payment to follow upon the resolution of insurance coverage issues between AMG and Ellis.

## Discussion

Both parties have appropriately cited to United States Fidelity and Guaranty Co. v. A & S Manufacturing Company, Inc. 48 F.3d 131 (4th Cir. 1995) as setting the standard for realignment of the parties in litigation. In that case, the Fourth Circuit adopted the "principle purpose" test, the application of which involves a two-step process. "First, the court must determine the primary issue in the controversy. Next, the court should align the

parties according to their positions with respect to the primary issue." 48 F.3d at 133.[1] This Court has subsequently applied the two-step process enunciated by the Fourth Circuit in Hidey v. Waste Systems Intern., Inc. 59 F. Supp. 2d 543 (D.MD. 1999) and St. Paul Fire & Marine Ins. Co. v. Croker, Inc. 21 F. Supp. 2d 537 (D.MD. 1998). In the Hidey case, a third-party defendant was realigned as a plaintiff as the court determined that the primary issue was the entitlement to interpleader funds. 59 F. Supp. 2d at 545. In the St. Paul case, this Court granted a motion to realign the defendant/third-party plaintiff as a plaintiff in a case involving an insurance coverage dispute between three insurance companies.[2]

Despite the efforts of the Defendants Ellis and Zurich to cast this dispute in terms of the property management agreement between Ellis and AMG, this case is clearly one involving insurance coverage issues. In applying the first step established in United States Fidelity and Guaranty Co. v. A & S Manufacturing Company, Inc., it is clear that the primary issue in controversy is whether Liberty Mutual, as the insurer for AMG, or Zurich, as the insurer for Ellis, has the primary insurance for the claims of Fields-Moore in the State litigation. Secondly, AMG's position with respect to the primary issue of insurance coverage is identical to that of Liberty Mutual. The positions of Zurich and Ellis are identical on the primary issue. Any claims of Ellis against AMG can be asserted in a counterclaim.

---

[1] The Fourth Circuit also noted that "if the alignment differs from that in the complaint, the Court must determine whether complete diversity continues to exist." *Id*. Complete diversity is not affected by the realignment of the parties in this case.

[2] This realignment destroyed diversity of citizenship.

Conclusion

In applying the principle purpose test, this Court finds that the primary issue in this case is an insurance coverage dispute. The parties should be realigned according to their position with respect to this issue. Accordingly, the Motion of the Plaintiff, Liberty Mutual and Third-Party Defendant AMG to realign the parties is **GRANTED**. A separate Order follows.

Date: July 18, 2005

/s/
_____
Richard D. Bennett
United States District Judge